## JOHNSTON v. FORSYTH MERCANTILE CO.

(District Court, S. D. Georgia, W. D. January 1, 1904.)

1. BANKRUPTCY — FRAUDULENT TRANSFERS — VACATION — ACTIONS — FEDERAL COURTS—JURISDICTION.

By the express provisions of Act Cong. Feb. 5, 1903, c. 487, § 16, 32 Stat. 800 [U. S. Comp. St. Supp. 1903, p. 417], Federal District Courts have concurrent jurisdiction with state courts in equity to set aside alleged fraudulent conveyances by a bankrupt made within four months prior to the filing of the bankruptcy petition.

2. SAME—BILL—ALLEGATIONS OF FRAUD—SUFFICIENCY.

A bill by a bankrupt's trustee to set aside an alleged fraudulent conveyance of the bankrupt's assets alleged that just prior to the filing of the petition the bankrupt's chief assets consisted of a stock of merchandise worth $6,000; that the stock was fresh, and, though a large part of the purchase price thereof remained unpaid, the bankrupt, while

hopelessly insolvent, and known so to be by defendant. sold the stock to defendant for 75 per cent. of the invoice price for the shoes in the stock, 50 per cent. of the invoice price for the millinery, and 70 per cent. of the price for the remainder of the stock, which was greatly below the actual market value of the merchandise; that the sale was conducted at night, with great secrecy, and in the morning, before business hours, the purchaser paid to one of the bankrupts $3,850 before an inventory had been taken, which was so hastily paid that $405.14 thereof had to be subsequently refunded; and that the sale was made to hinder and defraud the bankrupt's creditors, which was known to defendant. *Held*, that such allegations charged a fraudulent transfer with sufficient definiteness to withstand a demurrer.

**3. SAME—GENERAL DEMURRER—ANSWER.**

Where a bill in equity to set aside an alleged fraudulent transfer of a bankrupt's assets contained allegations of fraud, a general demurrer not accompanied by an answer denying the fraud would not be allowed.

**4. SAME—TENDER OF PRICE.**

Where suit was brought by a bankrupt's trustee to set aside an alleged fraudulent conveyance of the bankrupt's assets, the trustee was not bound to tender the purchaser the amount paid to the bankrupt, as a condition to his right to sue.

Hardeman, Davis, Turner & Jones, for trustee.
Robert L. Berner, for defendant.

SPEER, District Judge. This is a suit in equity by a trustee in bankruptcy to recover certain assets of the bankrupt from the possession of a third party. A proceeding in involuntary bankruptcy was filed on the 23d day of June, 1903, against the Stewart-Taylor Company, a mercantile corporation in the town of Forsyth. On July 15th following, adjudication was had. The bill brought by the trustee alleges that a short time, prior to the day on which the petition in bankruptcy was filed, the chief asset of the bankrupt corporation was a stock of dry goods, notions, boots, shoes, and millinery, and other merchandise, worth about $6,000. This stock was fresh and in good condition, and a large part of the purchase price remained unpaid. It is further alleged that on June 21, 1903, the bankrupt company was hopelessly insolvent; its business was notoriously unsuccessful; its secretary and treasurer and acting business manager had been absent for weeks; that it owed its creditors about $9,000; and that its only assets were the stock of goods above mentioned, and a few notes and accounts, which would not exceed over $200. It is further alleged that this insolvent condition was fully known to its officers; that the rents were unpaid, as were the wages of its clerks; that creditors were pressing their claims for collection; that these facts were known to the Forsyth Mercantile Company, but, notwithstanding this knowledge, the bankrupt corporation sold, and the Forsyth Mercantile Company bought, the entire stock of goods of the bankrupts for the agreed sum of 75 per cent. of the invoice price of the shoes, 50 per cent. of the invoice price of the millinery, and 70 per cent. of the invoice price of the remainder of the stock. It is alleged that this was greatly below the actual market value of the merchandise (in other words, that the price was grossly inadequate); that the sale was conducted at night, and with great secrecy; that in the morning after the sale, before business hours, the purchaser paid

over to Taylor, one of the bankrupts, the sum of $3,850, before an inventory had been taken of the merchandise, and this was paid so hastily that the sum of $405.14 had to be refunded. It is charged that this sale and transfer was made to hinder, delay, and defraud the creditors of the Stewart-Taylor Company, represented by the complaining trustee, and that this intention was known to the Forsyth Mercantile Company. It is charged that this transaction passed no title, and that, in law and equity, the Forsyth Mercantile Company should be adjudged to hold the proceeds in trust for complainant, who, by virtue of his appointment, became vested with title thereto. While this is true, the Forsyth Mercantile Company, it is alleged, has mingled the goods thus bought with its general merchandise, and has sold a large portion thereof. Complainant avers that he is therefore remediless at law, and, waiving discovery, prays that the transfer and delivery of said merchandise to the defendant company may be decreed void; that the title to the goods in question may be decreed to vest in complainant, as trustee, and that the defendant company be decreed to hold the same in trust for him; that an accounting shall be had; and that a decree may be taken, requiring the defendant company to pay over to complainant the full value of the merchandise so converted.

The defendant the Forsyth Mercantile Company has interposed a demurrer upon the ground, first, that the complainant is not entitled to recover, and that there is no equity in the bill; second, upon the ground that the relief sought should be denied, because, while the complainant prays that the sale should be set aside for inadequacy of consideration, the complainant does not offer to refund the money actually paid by respondent, as he is in duty bound to do.

Jurisdiction of this proceeding is conferred by the recent amendment to the bankruptcy act. Act July 1, 1898, c. 541, §§ 67e, 70, 30 Stat. 564, 565 [U. S. Comp. St. 1901, pp. 3449, 3452] as amended by Act Feb. 5, 1903, c. 487, § 16, 32 Stat. 800 [U. S. Comp. St. Supp. 1903, p. 417]. Jurisdiction is concurrent with that of the state court, and is here invoked to set aside a transfer on the part of an insolvent debtor, which it is alleged is declared null and void, against the creditors of such debtor, by the law of the state. The amendment expressly confers jurisdiction by proceeding in equity in a District Court to set aside "all conveyances, transfers, or incumbrances of his property made by a debtor at any time within four months prior to the filing of the petition against him, and while insolvent, which are held null and void as against the creditors of such debtor by the laws of the state, territory or district in which such property is situate." The law of Georgia—Code 1895, § 2695 (2)—provides:

"Every conveyance of real or personal estate by writing or otherwise," etc., "had or made with intention to delay or defraud creditors, and such intention known to the party taking, shall be fraudulent in law against creditors and others and as to them null and void."

This is otherwise stated in section 3529 of the state Code:

"Every sale made with intent to defraud either creditors of the vendor or prior or subsequent purchasers, if such intention be known to the vendee, shall be absolutely void as against such creditors or purchasers."

It is to be observed that the language of the bankruptcy act above quoted is substantially identical with the provisions of the state statutes quoted. The law upon this subject takes origin at least as early as 13 Eliz. c. 5, which declares "that no act whatever done to defraud a creditor or creditors shall be of any effect against such creditor or creditors." And Lord Mansfield, in Cadogan v. Kennett, 2 Cowp. 432, stated that he had known "several cases where persons have given a fair and full price for goods, and where the possession was actually changed, yet, being done for the purpose of defeating creditors, the transaction has been held fraudulent, and therefore void. It is assisting one man to cheat another, which the law will not allow." This case was cited with approval by the Supreme Court of Georgia in the early decision of Peck v. Land, 2 Ga. 14, 46 Am. Dec. 368. There the court held that:

"If a creditor purchase property of his debtor in satisfaction of his own debt and the debts of other favored creditors, and buy a large surplus over, to the exclusion of a particular creditor whose suit is pending, it is a badge of fraud."

Jurisdiction in the court and jurisdiction in equity seem, then, sufficiently to appear. It is, however, objected that the averments of fraud are not sufficiently explicit to authorize the judicial action sought. It is well settled that, in alleging fraud, the general averment, without setting out facts upon which the charge is predicated, is insufficient. The facts and circumstances upon which reliance is had to show fraud must be set out clearly, concisely, and with sufficient particularity to apprise the opposite party of what he is called upon to answer. 9 Ency. Pl. & Pr. p. 686, and authorities cited. It, however, cannot be maintained, we think, that the charges in the bill before the court are too vague and indefinite. While, perhaps, they might have been more elaborately stated, they are set forth with sufficient particularity to enable the defendant company to traverse and meet them, if it can.

Besides, the demurrer must be overruled for another reason: Here fraud is alleged in equity, and, where a bill in equity contains allegations of fraud, it is a general rule that a general demurrer will not be allowed, unless it is accompanied by an answer which denies fraud. In this answer every allegation from which fraud can be inferred should be answered.

With regard to the special demurrer that the complainant should have tendered the purchase price before he can be heard, it is sufficient to say that the rule which the defendant invokes is not applicable. This is not a proceeding between a vendor and vendee, where it is sought to set aside a sale for inadequacy of price. It is a proceeding by the representative of creditors attacking a transaction alleged to have been made to hinder and delay them, and absolutely fraudulent as to their rights. The trustee, then, certainly at this stage of the case, is under no obligation to tender the purchase price paid by one of the alleged wrongdoers in order to protect it from loss. On final decree, even if the complainant succeeds in sustaining his contention, it may be the duty of the court to prevent, as far as possible, the defendant from sustaining loss. This, however, is a matter for future

determination, and certainly the prayer of the trustee in bankruptcy will not be denied in limine because he is unable or unwilling to tender money to the defendant which it is alleged to have paid out in furtherance of a fraud against the rights of creditors.

In the opinion of the court, the demurrer must be overruled, and the bill answered.