JAHN v. CHAMPAGNE LUMBER CO. et al.

(Circuit Court, W. D. Wisconsin. September 1, 1906.)

No. 124.

1. EQUITY—CREDITORS' SUIT—DEMURRER TO BILL—MULTIFARIOUSNESS.

Where a bill by a judgment creditor of a dissolved corporation, in behalf of himself and all other creditors similarly situated who may join, against the stockholders of the corporation, who are alleged to have divided its property between them for the purpose of defrauding its creditors, seeks to hold them as trustees with respect to such property, it is not multifarious because it also prays that, in case the amount so realized shall be inadequate, an accounting may be had of the amounts due from defendants on their stock subscriptions, the purpose of the bill in both aspects being to reach assets of the corporation in the hands of defendants.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, § 357.]

2. ASSIGNMENTS—SUIT BY ASSIGNEE OF JUDGMENT—CONSIDERATION FOR ASSIGNMENT.

A creditors' bill filed by the assignee of a judgment for $2,500 is not demurrable for want of equity because the assignment which is under seal and set out in the bill expresses a consideration of $15 and "other sufficient and valuable consideration" on the theory that the consideration was so inadequate as to show that the purchase was a mere speculative venture which a court of equity will not aid, it not appearing from the bill what the actual consideration was.

In Equity. On demurrer to bill.

This is an action in equity in the nature of a creditors' bill in behalf of the complainant and any other creditor similarly situated who may come in and join in the proceeding. In substance it is charged that one Nyback, assignor of complainant, after a protracted litigation recovered certain judgments against the Champagne Lumber Company, a Wisconsin corporation, in the Circuit Court of the United States for the Western District of Wisconsin, for personal injury, amounting, with costs, to something over $2,500. Pending such litigation it is alleged that the Champagne Lumber Company was wound up, and all its property and assets were fraudulently distributed among the stockholders who were the individual defendants herein. So that when the fi. fa. was issued on such judgments, the same was returned nulla bona; that the defendants Stewart and Alexander were the stockholders of said corporation

at the time of its disintegration, and fraudulently divided among themselves all such property and assets, which were alleged to be of greater value than the amount of such judgment; and that such proceedings were taken by the officers and stockholders of said corporation for the purpose of defeating any recovery upon such judgments at law; that after verdict and before judgment in such proceedings at law, the cause of action therein was assigned and transferred to the complainant by an instrument in writing and under seal "for sufficient and valuable consideration." Annexed to the bill is a copy of such assignment, wherein the consideration for the transfer is stated as follows: "That in consideration of the sum of fifteen dollars this day paid by the party of the second part to said party of the first part, the receipt whereof is hereby acknowledged and confessed, and for other sufficient and valuable consideration heretofore received by said party of the first part from the said party of the second part," etc. It was further averred that the individual defendants originally subscribed for a large amount of the capital stock of said corporation, and that they had only paid in 50 per cent. of the amount of such subscription, and that 50 per cent. thereof was still due and owing from the said defendants to said corporation at the time it was wound up. The relief sought by the bill was a discovery and accounting of all the assets and property of said corporation which had been thus distributed and divided among the stockholders, also an accounting as to the amount due to the complainant and to any other creditors similarly situated who might join in the action; that, if such assets and property so misapplied by the stockholders should prove insufficient to pay the judgments of the complainant and to satisfy the claims of such other creditors as may come in and join in the action, then there be an accounting as to the amount due by the individual defendants, as stockholders, to the Champagne Lumber Company; and that said defendants be required to pay into court the amount so due upon said subscription to capital stock. There was also a general prayer for relief. To this bill the defendants interposed a general and several demurrer stating several grounds, but only two propositions were relied upon at the argument. First. It was objected that the bill is multifarious. Second. That it appears upon the face of the bill that the consideration for the assignment of the verdict and cause of action in such suit at law from Nyback, the original plaintiff, to the complainant, was so slight and inadequate that equity ought not to entertain this suit, or lend its aid to consummate what appears to be a mere speculative venture.

William F. Lennon (Julius J. Patek, of counsel), for complainant.

Reid, Smart & Curtis and Sanborn & Blake, for defendants.

QUARLES, District Judge (after stating the facts). The first proposition upon which the demurrer is predicated, namely, that the bill is multifarious, is wholly without merit. Bates Fed. Eq. Pro. § 195. It is the peculiar function of equity to protect creditors by treating the assets of a defunct corporation as a trust fund; to discover and assemble all the assets of the debtor corporation into a common fund, to be marshaled in the interest of all the creditors. Several cases are cited by counsel where conflicting remedies have been confounded in bills of this nature so that demurrers thereto have been sustained by the courts; but no such objection can be successfully urged in this case. The bill in behalf of complainant, and all other creditors similarly situated, seeks a discovery as to the alleged misapplication of the assets of the Champagne Lumber Company, which were fraudulently distributed among the individual stockholders for the alleged purpose of defeating any recovery upon the judgments at law. The bill seeks to hold the defendants Stewart and Alexander

as trustees for the creditors as to the property of such corporation remaining in their hands. This is a remedy so frequently administered by courts of equity that no discussion as to its propriety is necessary, admitting, as the demurrer does, the allegations of the bill. The bill then proceeds for further relief in case the amount realized from such property and assets of the corporation should prove inadequate; that then, and in that case, an accounting should be taken as to the amount due from the individual defendants to the corporation upon their stock subscription, and that such amount so found due, or so much thereof as may be necessary, should be paid into court, to constitute a portion of the fund to be administered for the benefit of the creditors. It is contended that these two propositions render the bill multifarious.

It will be observed that both of the individual defendants are equally concerned in both branches of the remedy sought, and both are jointly liable. There is, in the contemplation of equity, no essential difference between the two classes of assets sought to be reached. There is nothing inconsistent or incongruous in the joinder. The contractual obligation of the individual defendants to the corporation upon the stock subscription is a part of the assets of the corporation, and for the purpose of such a proceeding as this, stands upon the same footing as the tangible assets alleged to have been fraudulently appropriated. Sanger v. Upton, 91 U. S. 56, 23 L. Ed. 220. According to the rules of equity there is no fundamental difference between moneys that have been paid into the corporation and transformed into lumber and various other articles of personal property, and an obligation of individual stockholders to pay in other moneys for the purposes of the corporation whenever called in.

It is contended that, in view of the averments of the bill wherein it is stated that the value of the corporate assets specifically distributed among the stockholders is largely in excess of the amount of the judgments and other debts of the corporation, there is no warrant or excuse for compelling the defendants to make answer and defense as to their liability upon the stock subscription. The court pays little heed to a suggestion from the defendant that it is not necessary to call in the stock subscription. Furnald v. Glenn (C. C.) 56 Fed. 375. But very properly the plaintiff sues in behalf of all other creditors of the corporation similarly situated, and he must share the fund with them on even terms. He is not presumed to know how many such creditors there may be, and therefore is justified in so framing his bill as to resort to the contractual liability of the individual defendants upon the subscription agreement. This course has been frequently resorted to under similar circumstances. Williams v. Brewster, 117 Wis. 370, 93 N. W. 479; Harrigan v. Gilchrist, 121 Wis. 238, 99 N. W. 909, and cases cited; Hatch v. Dana, 101 U. S. 208, 25 L. Ed. 885. For these reasons the first contention of the defendants is overruled.

Second. The second ground of demurrer is seriously urged that inasmuch as the assignment of the cause of action to the complainant expresses a consideration of $15 and "other sufficient and valuable consideration heretofore received," etc., that the court is justified in

assuming that the consideration was so trifling and inadequate that the court should decline to proceed with the action, on the ground that complainant is not entitled to the aid of the court, but should be shown out of court as one who speculates upon the infirmity of another, and therefore not entitled to the consideration of a court of equity. It must be remembered that the assignment was evidenced by a writing under seal "for sufficient and valuable consideration." It is true as argued, that $1 may be considered a sufficient and valuable consideration; but it is equally true that there may have been, in fact, a consideration which the court would consider ample and adequate. Until the facts have been elicited, we cannot know what the complainant, in fact, paid for the cause of action. We can only guess. The destiny of this case cannot hinge on a mere guess.

I have examined all the cases cited and find none properly applicable to the precise case at bar. Admitting that such cases have correctly stated the law, it becomes us to know what the facts are before we undertake to apply the principles. Furthermore, general demurrers are not looked upon with favor when interposed to a bill charging fraud and conspiracy. Johnston v. Merch Co. (D. C.) 127 Fed. 845.

For these reasons the demurrer will be overruled, and defendants will be allowed to plead to the bill on or before the October rule day.