BACKUS et al. v. BROOKS et al.

(Circuit Court, D. Connecticut. July 28, 1911.)

No. 1,345.

EQUITY (§ 149*)—BILL—MULTIFARIOUSNESS.

A bill setting up a cause of action by a corporation complainant against a corporation defendant for breach of a contract, and an entirely separate and distinct claim by individual complainants against defendant corporation and other defendants for the delivery of stock in defendant corporation, *held* demurrable for multifariousness.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 368–370; Dec. Dig. § 149.*]

In Equity. Suit by Newton D. Backus, Henry N. Backus, and A. Backus, Jr., & Sons, a corporation, against George L. Brooks, Lewis

C. Brooks, and the Sealshipt Oyster System. On demurrers to bill. Demurrers sustained, and bill dismissed.

Albert McClatchey, for complainants.
Wing & Russell, for defendants.

PLATT, District Judge. It would be a tremendous task to bunch in this memorandum the facts which seem to be well pleaded in the bill, and therefore admitted by the demurrer. It is an unusually verbose and complicated presentation of facts, and will speak for itself. No abstract which satisfies my mind would help the higher powers, and therefore I refrain from the attempt. At the time the bill was filed an ex parte request was made for a preliminary injunction to prevent the alienation of stock in the Sealshipt Oyster System by either Brooks or the System until final hearing. When the affidavits were read, I was instantly satisfied that such an order was not warranted by the facts presented, which were substantially those found in the bill.

There were two sets of plaintiffs and two sets of defendants. One of the plaintiffs presented a state of facts which seemed to set forth a wrong which ought to be dealt with in a court of law. The other plaintiffs presented a state of facts which many years before might have appealed to the conscience of a court of equity, if the proper parties had come before it; but it struck me that they came too late, and in an improper manner, and with no very definite idea of what their wrongs were and what party they expected the court to enforce a remedy upon. The preliminary injunction was therefore refused, and later came the demurrers, amplifying and defining with accuracy the vague notions which came over me at the beginning.

I do not know of any equity rule, written or unwritten, which prohibits the defendants from filing such demurrers as those here presented without first answering the allegations of fraud. Certainly no rule, with even a strained construction put upon it, could affect the rights of the Sealshipt Oyster System. Taking the broadest view possible of the facts and equity rule 32, I cannot accept the dicta found in Johnston v. Mercantile Co. (D. C.) 127 Fed. 845, and Jahn v. Lumber Co. (C. C.) 147 Fed. 631. Those cases were both properly decided on the facts, and the reference to an uncited equity rule was unnecessary. It is probable that in neither case was the matter taken up, except in the most incidental way. Equity rule 32 was not even mentioned.

There are two main lines of attack in this bill. One by A. Backus, Jr., & Sons Corporation against the Sealshipt Oyster System, counting on a breach of contract between the plaintiffs and defendant's predecessor, the American Company. The other is by Newton D. and Henry N. Backus, asserting their rights to have certain stock of the System turned over to them in place of stock which they ought to have had in the System's predecessor, the National Company, which followed the American Company. These rights are based entirely upon their ownership of stock in the American Company, and are

independent and wholly apart from the contract rights which the Backus Corporation asserts. The parties are different and demand different rights. N. D. and H. N. Backus had no interest primarily in the contract, and the Backus Company long ago parted with all right and title to the stock. They not only demand different rights, but one demands a right for which it should go into a law court to seek redress, and the other demands an equitable right about which the facts must have been known to them years ago, and which, if demanded promptly and sustained by proof, would have been long since settled. To do anything about it now would work harm to numberless innocent parties who have become stockholders of the Sealshipt System in entire ignorance of any such story as the one here portrayed. In all this matter the obligations upon the defendant's part arose at different times. The evidence required to establish the separate claims is different, and the kinds of relief demanded differ.

When the charge of multifariousness comes up against a bill, I am aware that a court of equity will exercise a large discretion and retain the bill, if possible; but in such a case as the one before us the quagmire is so treacherous and the enveloping forest so dense that I am unable to see any way out of it, if I shall once begin to travel through it.

For the reasons faintly outlined, and for many untouched, the demurrers must be sustained and the bill dismissed, with costs.